UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-21524-CIV-GAYLES/OTAZO-REYES

CENTRO DE ENSENANZA PALABRA
DE FE, INC.,

      Plaintiff,

v.

THE CITY OF HIALEAH, FLORIDA,

      Defendant.      /

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Magistrate Judge Alicia M. Otazo-Reyes's Report and Recommendation [ECF No. 52]. Plaintiff Centro de Ensenanza Palabra de Fe, Inc. ("Plaintiff") filed a Complaint against the City of Hialeah ("Defendant") alleging violations of Plaintiff's federal constitutional and statutory rights and seeking to enjoin the enforcement of Defendant's zoning code as applied to Plaintiff [ECF No. 1]. After the parties reached an initial resolution of the matter, Plaintiff voluntarily dismissed its case without prejudice. [ECF No. 21]. Shortly thereafter, however, Plaintiff moved to reopen the case and filed a First Amended Complaint [ECF No. 30]. Defendant moved to dismiss the Amended Complaint for lack of jurisdiction and failure to exhaust administrative remedies. [ECF No. 34]. The motion to dismiss was referred to Judge Otazo-Reyes, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation. [ECF No. 39]. After multiple hearings and supplemental briefing on the motion, Judge Otazo-Reyes recommends that the motion to dismiss be granted because the matter is not ripe and the Court thus lacks subject matter jurisdiction. [ECF No. 52]. Plaintiff timely objected to the Report and Recommendation. [ECF No. 52].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* FED. R. CIV. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

This Court, having conducted a *de novo* review of the record, agrees with Judge Otazo-Reyes's well-reasoned analysis and concludes that the matter must be dismissed.[1] The Court agrees with Judge Otazo-Reyes's reading of *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214 (11th Cir. 2004) and the other relevant precedent: because Plaintiff has not applied for a Conditional Use Permit, this matter is not ripe. Further, in light of this finding, the Court sees no basis on which to order jurisdictional discovery.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Otazo-Reyes's Report and Recommendation [ECF No. 52] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2) Defendant City of Hialeah's Motion to Dismiss Plaintiff's First Amended Complaint for Declaratory Relief, Injunctive Relief and Damages [ECF No. 34] is **GRANTED**;

(3) Plaintiff's First Amended Complaint [ECF No. 30] is **DISMISSED WITHOUT PREJUDICE**;

---

[1] The Court notes a number of non-dispositive errors in the Report and Recommendation, as set forth in Defendant's Notice of Clarification in Support of Magistrate's Report and Recommendation [D.E. 52] [ECF No. 55].

(4) Defendant City of Hialeah's Motion to Stay Discovery Pending Final Resolution of its Motion to Dismiss [ECF No. 53] is **DENIED AS MOOT**;

(5) This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of March, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE